Judge Berman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

THE 65th STREET RESTAURANT LLC d/b/a
RESTAURANT DANIEL, AND
THE DINEX GROUP, LLC,

        Defendants.

------------------------------------------------------x

07 CIV 6845

Civil Action No.



RECEIVED
JUL 31 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, color, and/or retaliation, and to provide appropriate relief to Antonio Mejia, Mir Kadir Mamun, Luis Humberto Morocho, Mohammed Mollik Miah, Hector Gutierrez, Ignacio Garcia, and Jose Arenas ("Charging Parties") who were adversely affected by such unlawful practices. As alleged with greater specificity in paragraph seven (7) below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that the 65th Street Restaurant LLC d/b/a Restaurant Daniel ("Restaurant Daniel") and The Dinex Group LLC ("Dinex", collectively, "Defendants"), discriminated against the Charging Parties because of their national origin, Hispanic or Bangladeshi, and further claims that Defendants retaliated against some of the Charging Parties because they engaged in the protected activity of opposing conduct or practices they reasonably believed to be discriminatory.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been a company doing business in the State of New York and the city of New York, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2004, Defendants engaged in the following unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a):

    a. Defendants failed to promote five Hispanic employees, Arenas, Garcia, Gutierrez, Mejia, and Morocho, and two Bangladeshi employees, Mamun and Miah, and harassed and subjected them to disparate discipline based on national origin, color and/or race.

    b. Defendants retaliated against Gutierrez, Mejia, and Morocho, Mamun and Miah for complaining about race, color, and national origin discrimination by subjecting them to greater scrutiny and harsher discipline for similar infractions, compared to other non-Hispanic and Non-Bangladeshi employees.

8. The effect of the practices complained of above has been to deprive Charging Parties of equal employment opportunities and to otherwise adversely affect their status as employees on the basis of national origin and/or color and retaliation.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of national origin, color, and/or retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of Defendants' past and present unlawful employment practices.

C. Order Defendants to make whole Charging Parties by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendants to make whole Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Parties by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Parties punitive damages for Defendants' malicious and reckless conduct in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        Ron Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        *[signature]*
        Elizabeth Grossman, EG# 2478
        Regional Attorney

        Lisa D. Sirkin
        Supervisory Trial Attorney

        EEOC
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, N.Y. 10004
        (212) 336-3697
        (212) 336-3623 (facsimile)